## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DEBRA RITTGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-4019-DDC-KGG |
| ) | |
| MELVIN HALE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES

Plaintiff filed the present action in the District Court of Lyon County, Kansas, alleging Defendants defamed her by accusing her of writing racial slur on a notebook on the Emporia State University campus. The case was removed to federal court by Defendants, who also filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1, sealed). Having reviewed Defendants' motion, as well as their financial affidavit, the Court **GRANTS** Defendants' motion for *IFP* status.

### DISCUSSION

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial

means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See* ***Patillo v. N. Am. Van Lines, Inc***., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In the supporting financial affidavit, Defendant Melvin Hale does not indicate his age.  He does, however, state that he is married with only his spouse, Defendant Angelica Hale, listed as a dependent.  (Doc. 3-1, sealed, at 2.)  Defendants are currently unemployed.  Defendant Melvin Hale most recently worked for Emporia State University as an assistant professor, making a significant monthly wage.  (*Id*., at 2.)  Defendants have been "diligently looking for work, but nothing has materialized."  (*Id*., at 4.)

Defendants list a modest monthly income from "pension, annuity, or life

insurance payments." (Doc. 3, sealed; Doc. 3-1, sealed, at 3.) They own two modest automobiles, both in Defendant Melvin Hale's name, with little or no equity. (Doc. 3-1, sealed, at 2.) Defendants do not own real property and have no permanent residence at the present time, having been evicted. (*Id*., at 1.) They indicate that they are "staying with different friends." (*Id*.) They indicate a small amount of cash on hand. (*Id*., at 3.)

Defendants list the typical monthly expenses, including reasonable amounts for car payments, groceries, gas, automobile insurance, and child support. (*Id*., at 3.) They also list significant consumer debt and student loans. (*Id*., at 3-4.) The amount they owe on monthly bills clearly outweighs their current income.

Considering all of the information contained in the financial affidavit, the Court finds that Defendants have established that their access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs. The Court **GRANTS** Defendants leave to proceed *in forma pauperis* (Doc. 3, sealed).

**IT IS THEREFORE ORDERED** that Defendants' motion for *IFP* status (Doc. 3) is **GRANTED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 6th day of March, 2017.

                                       S/ KENNETH G. GALE
                                       KENNETH G. GALE
                                       United States Magistrate Judge