IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEBRA RITTGERS,

Plaintiff,

vs. Case No. 17-4019-SAC-KGG

MELVIN HALE,

Defendant.

**MEMORANDUM AND ORDER**

Plaintiff has brought a defamation action against defendant which is before the court upon defendant's motion for summary judgment. Defendant's motion (Doc. No. 70) devotes most of its attention to seeking summary judgment against plaintiff's defamation claim. But, defendant's motion also asks for summary judgment in favor of defendant's counterclaim which alleges retaliation by plaintiff against defendant. For the reasons which follow, the motion shall be denied.

I. Summary judgment standards

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). Such a showing may be made with citation "to particular parts of materials in the record, including depositions, documents, . . . affidavits or declarations, stipulations . . . , admissions,

interrogatory answers, or other materials." FED.R.CIV.P. 56(c)(1)(A). The court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Spaulding v. United Transp. Union, 279 F.3d 901, 904 (10th Cir. 2002). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998). The court may not make credibility determinations when examining the evidentiary record presented by the parties. Fogarty v. Gallegos, 523 F.3d 1147, 1165-66 (10th Cir. 2008).

"[W]hen . . . the moving party does not have the ultimate burden of persuasion at trial, it has both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir.2002). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the non-moving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." Id. (citation omitted). "Showing" or "pointing out" an absence of evidence may be accomplished by reliance upon depositions, answers to interrogatories and the like. Celotex Corporation v. Catrett, 477

U.S. 317, 328 (1986)(White, J., concurring). But, "[i]t is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove his case." Id.; see also, Coit v. Zavaras, 175 Fed.Appx. 226, 229 (10th Cir. 2006); Eaves v. Fireman's Fund Ins. Companies, 148 Fed. Appx. 696, 700 (10th Cir. 2005); Windon Third Oil & Gas Drilling P'ship v. Fed. Deposit Ins. Corp., 805 F.2d 342, 345 (10th Cir. 1986).

If the movant carries the initial burden of production, then the nonmovant that bears the burden of persuasion at trial must go beyond the pleadings and set forth specific facts that would be admissible in evidence from which a rational trier of fact could find for the nonmovant. Adler, 144 F.3d at 671. In this case, plaintiff has signed an affidavit (Doc. No. 72-2) verifying the allegations in the first amended complaint and offered an affidavit (Doc. No. 72-1) from another witness. "Evidence is sufficient to withstand summary judgment if it is significantly probative and would enable a trier of fact to find in the nonmovant's favor." Adams v. American Guarantee and Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000).

II. Plaintiff's allegations

Plaintiff alleges that she is an administrative assistant employed at Emporia State University ("ESU"). Doc. No. 58, ¶ 5. Plaintiff claims that she was defamed by defendant when he

communicated to the public that plaintiff was the probable author of a racial slur that was found written on a student's notepad in an office at ESU. Doc. No. 72, pp. 5-6. The first amended complaint alleges that defendant and his wife Angelica: "sent one or more press releases to National Public Radio;" and "created a website named March on Emporia . . . along with Facebook and Twitter pages that continued to accuse [plaintiff] as the most probable person to have written the racial slur in the notebook." Doc. No. 58, ¶¶ 8 and 9. Neither the press releases nor the website or social media pages have been presented to the court as part of the summary judgment record.

## III. Defamation standards

The parties agree that Kansas law applies here. In Kansas, a valid defamation claim requires proof that: (1) the defendant wrote false and defamatory statements; (2) the defendant communicated these statements to a third party; and (3) the plaintiff's reputation was injured by the statements. El-Ghori v. Grimes, 23 F.Supp.2d 1259, 1269 (D.Kan. 1998); see also In re Rockhill Pain Specialists, P.A., 412 P.3d 1008, 1024 (Kan.App. 2017)(quoting Hall v. Kansas Farm Bureau, 50 P.3d 495 (2002)). "'[D]amage to one's reputation is the essence and gravamen of an action for defamation.'" In re Rockhill Pain Specialists, 412 P.3d at 1024 (quoting Gobin v. Globe Publishing Co., 649 P.2d 1239 (1982)).

> "Proof of such damages typically entails showing that persons were deterred from associating with the plaintiff, that the plaintiff's reputation had been lowered in the community, or that the plaintiff's profession suffered." Ali v. Douglas Cable Communications, 929 F.Supp. 1362, 1385 (D. Kan. 1996). "Damage to reputation can be inferred from the evidence so long as the inference is reasonable." Sunlight Saunas, Inc. v. Sundance Sauna, Inc., 427 F.Supp.2d 1032, 1072 (D. Kan. 2006) (citing Moran v. State, 267 Kan. 583, 590, 985 P.2d 127 [1999]). Additionally, "[a] victim's own observations may be suitable as proof of harm to his reputation for defamation cases in Kansas ... but they must raise a reasonable inference that the damage was caused by the plaintiff's statements. [Citation omitted.]" Debord v. Mercy Health System of Kansas, Inc., 860 F.Supp.2d 1263, 1283 (D. Kan. 2012). However, "[b]road and factually unsupported allegations ... do not support a claim for damages for alleged defamation." Davis v. Hildyard, 34 Kan.App. 2d 22, 30, 113 P.3d 827 (2005).

Id. at 1024-25.

IV. Analysis of defendant's arguments for summary judgment against plaintiff's defamation claim.

Defendant's motion makes numerous arguments. Defendant's first argument is that plaintiff "refers to statements that are true involving a matter of public concern." Doc. No. 71, p. 13. The court will address the "truth" argument in this part of the order and address any constitutional privilege claim later in the order. The summary judgment record before the court is not comprehensive and does not preclude a genuine issue as to the truth of the statement that plaintiff was the probable author of the racial slur. Defendant supports his position with evidence of a statement by a handwriting analyst, Wendy Carlson. Plaintiff has

sworn that she did not write the racial slur or have any involvement in it. Doc. No. 58, ¶ 16. And the handwriting analyst has stated that she was not given sufficient information to provide a conclusive expert opinion. Doc. No. 72-1, ¶ 4. The court concludes that plaintiff has presented sufficient material to demonstrate a genuine issue of fact as to the truth or falsity of defendant's alleged defamatory statements.[1]

Defendant's second argument is that plaintiff "fails to state with any specificity what [defendant] said or published that was false." Doc. No. 71, p. 13. The first amended complaint (Doc. No. 58, pp. 2-3), the final pretrial order (Doc. No. 68, pp. 6-9) and plaintiff's response to the summary judgment motion (Doc. No. 72, pp. 4-6) are documents where plaintiff states she was defamed by statements that she was the probable author of a racial slur found on a notepad at ESU. She further indicates that "the Hales" (defendant and his wife) made the statements on a website and in social media. Plaintiff also states that defendant and his wife "sent one or more press releases to National Public Radio." Doc. No. 68, p. 7. It is not clear to the court whether plaintiff is

[1] In defendant's reply brief, defendant presents evidence and further arguments which contest the credibility of the handwriting expert's affidavit and otherwise insist that a rational jury could not find for plaintiff. Defendant also makes many factual assertions which are not connected to the evidentiary record. The court has considered these points, but concludes, after excluding those arguments requiring the court to make a credibility determination or asking the court to weigh claims which are not substantiated by evidentiary materials in the record, that a rational jury could find in favor of plaintiff upon the record before the court.

alleging that the defamatory statement was made in the press releases. But, that does not appear to be the issue defendant is raising. Upon review, the court concludes that although plaintiff could have been more specific, sufficient information has been provided to give defendant fair notice of plaintiff's claim. Therefore, the court rejects defendant's second argument for summary judgment.

Defendant's third argument is that plaintiff has offered "no proof or evidence to support her claim." Doc. No. 71, p. 13. This argument is repeated more frequently and vigorously in defendant's reply brief where defendant makes additional factual assertions (often without citation to the record) denying relevant facts. Contrary to defendant's argument, plaintiff has sworn to the facts alleged in the complaint. This qualifies as an offer of proof for the purposes of a summary judgment motion. See Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997); Long v. Morris, 485 F.Supp.2d 1247, 1249 (D.Kan. 2007). Plaintiff has also provided an affidavit from the handwriting analyst. As stated in section I of this order, defendant does not satisfy his initial burden of production by merely asserting that plaintiff has no proof or evidence to support her claim or by advancing factual claims without citation to an evidentiary record. For these reasons, defendant's third argument is overstated and does not support granting summary judgment.

The fourth argument is that the statements in question were statements of personal opinion or hyperbole which are not defamatory under Kansas law. Defendant cites Byers v. Snyder, 237 P.3d 1258, 1271 (Kan.App. 2010) which discusses Gatlin v. Hartley, Nicholson, Hartley & Arnett, P.A., 26 P.3d 1284 (Kan. App. 2001). In Byers, the court rejected a claim that the recounting of a third-party's observations of alleged public drunkenness was an opinion which could not be defamatory. In Gatlin, the court held, while reviewing a rambling and incoherent complaint, that a statement from an attorney that a former husband in a divorce proceeding was not "totally innocent in all this, there are things about you don't know," constituted personal opinion and hyperbole, not defamation. 26 P.3d at 1287. Neither Byers nor Gatlin holds that any opinion statement may not be defamatory, and the court does not believe Kansas law is so broad.

District of Kansas cases have relied upon the Supreme Court's decision in Milkovich v. Lorain Journal Co., 497 U.S. 1, 18-19 (1990) and Restatement (Second) of Torts § 566 (1977). See, e.g., Robinson v. Wichita State University, 2018 WL 836294 *12 (D.Kan. 2/13/2018)(citing Milkovich); Clark v. Time Inc., 242 F.Supp.3d 1194, 1219 (D.Kan. 2017)(same); Phillips v. Moore, 164 F.Supp.2d 1245, 1259 (D.Kan. 2001)(citing Restatement); El-Ghori, 23 F.Supp.2d at 1269 (same). Milkovich holds that the United States Constitution offers no wholesale protection for opinion statements

if those statements imply assertions of objective fact. 497 U.S. at 18-19. Section 566 of the Restatement provides that expressions of opinion that imply undisclosed defamatory facts may be considered defamatory communications. As Illustration 3 of the Restatement explains: "A writes to B about his neighbor C: 'I think he must be an alcoholic.' A jury might find that this was not just an expression of opinion but that it implied that A knew undisclosed facts that would justify this opinion."[2]

Here, a jury could find that defendant made a derogatory statement: i.e., that plaintiff was the most probable person to have written the racial slur. A jury could also find that the statement implies that defendant knew undisclosed defamatory facts that would justify this opinion. The record does not foreclose a finding that this is a case, not of pure opinion, but of mixed opinion. Therefore, summary judgment is not justified on this record by the argument that, as a matter of law, the alleged statements are not defamatory but purely opinion.

Defendant's next argument for summary judgment appears to assert a qualified privilege, although defendant does not separate this argument from his claim that the alleged defamatory statements were truthful. See Doc. No. 71, pp. 13-14. Defendant asserts

---

[2] The Restatement's position is summarized in Levin v. McPhee, 119 F.3d 189, 197 (2d Cir. 1997): "Though some statements may be characterized as hypothesis or conjecture, they may yet be actionable if they imply that the speaker's opinion is based on the speaker's knowledge of facts that are not disclosed to the reader."

that he made the alleged defamatory statements in good faith; that the statements were limited to serve a specific purpose; that he had a duty or interest in communicating the statements; and that he communicated the statements to someone with a corresponding duty or interest. These are approximately the elements of a qualified privilege defense in Kansas. See Sunlight Saunas, Inc. v. Sundance Sauna, Inc., 427 F.Supp.2d 1032, 1071 (D.Kan. 2006); Turner v. Halliburton Co., 722 P.2d 1106, 1112-13 (Kan. 1986). The statements of which plaintiff complains here, however, were not made to persons with a corresponding business or employment interest. The statements were allegedly posted on social media and perhaps transmitted to NPR.[3] Therefore, qualified privilege has not been demonstrated as grounds for summary judgment. Sunlight Saunas, 427 F.Supp.2d at 1072.

Defendant also argues "constitutional privilege." Doc. No. 71, p. 15. Specifically, defendant asserts, citing New York Times Co. v. Sullivan, 376 U.S. 254 (1964), that "[a]s a reporter and the publisher of a matter of public concern, [defendant] is afforded the protection of constitutional privilege." Id. Defendant asserts that the privilege, as applied to this case, requires that plaintiff prove defendant acted with malice. Plaintiff contends that she may recover damages in this case upon

[3] Defendant indicates that he made communications to ESU academic officers and ESU police. But, those communications do not appear to be the subject of plaintiff's defamation claim.

a showing of negligence because she is not a public figure. Based upon the record currently before the court, it appears that a negligence standard may apply to the defamation claim.[4] The Supreme Court has held that "so long as they do not impose liability without fault, the States may define for themselves the appropriate standard of liability for a publisher or broadcaster of defamatory falsehood to a private individual." Gertz v. Robert Welch, Inc., 418 U.S. 323, 347 (1974). In Kansas, a negligence standard has been applied to defamation cases involving a private individual and issues of public concern. See Carson v. Lynch Multimedia Corp., 123 F. Supp. 2d 1254, 1265 (D. Kan. 2000)(private plaintiffs may recover for negligent defamation against media and nonmedia defendants); Dow v. Terramara, Inc., 1992 WL 403093, at *5 (D. Kan. Dec. 4, 1992)(observing that generally a negligence standard applies if the alleged victim is not a public official or public figure, although later finding that a qualified privilege applies under the facts of the case); McKown v. Dun & Bradstreet, Inc., 744 F. Supp. 1046, 1049 (D. Kan. 1990)(observing that when a plaintiff is neither a public official nor a public figure, he need only prove negligent publication); Ruebke v. Globe Communications Corp., 738 P.2d 1246, 1250 (1987)(stating that negligence standard applies to libel actions brought by private

[4] In so holding, the court does not reach whether defendant can properly claim to be a reporter, publisher or member of the media.

plaintiffs, citing Gobin v. Globe Publishing Co., 531 P.2d 76 (1975), but later finding that plaintiff was a limited-purpose public figure); Sellars v. Stauffer Commc'ns, Inc., 9 Kan. App. 2d 573, 575, 684 P.2d 450, 453 (1984), aff'd, 236 Kan. 697, 695 P.2d 812 (1985)(a file clerk and wife of the sheriff was not a public official or public figure and need only satisfy negligence standard in defamation action against newspaper publisher that implied that she received unearned wages, where the publications involved a subject of public interest); Gleichenhaus v. Carlyle, 597 P.2d 611, 613 (Kan. 1979)(a public figure plaintiff changes burden from negligence to malice). There is a genuine issue of material fact as to whether negligence may be demonstrated in this case.

Defendant also claims that plaintiff cannot offer proof of damage to her reputation. Defendant points to evidence that plaintiff has done well and been happy at ESU in recent times, but this evidence is not sufficient to foreclose a genuine issue of fact as to damage to plaintiff’s reputation. Plaintiff has sworn to the allegations in the first amended complaint. These allegations include claims that plaintiff was verbally attacked because of allegations defendant and his wife made against her, that her reputation suffered greatly, and that as a result she has suffered anxiety, depression and migraines. Based upon these sworn allegations, the court finds that there is a genuine issue of fact as to whether plaintiff’s reputation was harmed and whether the

damage to plaintiff's reputation caused her mental anguish or other damages.

Finally, defendant contends that plaintiff may not recover punitive damages because plaintiff cannot demonstrate malice or a reckless disregard for the truth.[5] Doc. No. 71, p. 17. In Gertz, 418 U.S. at 349-50, the Court held that a private individual could not recover punitive damages for an alleged defamatory statement relating to a matter of public concern unless the plaintiff showed "actual malice," that is, knowledge of falsity or reckless disregard for the truth. Plaintiff has alleged that defendant acted maliciously or with wanton disregard for the truth. Doc. No. 58, ¶ 17. Defendant asserts that plaintiff cannot prove malice. But, defendant has not fulfilled his burden of production by offering more than his assertions to show that that there is an absence of proof on that issue. Defendant's memorandum in support of his summary judgment motion lists nine uncontroverted facts. These alleged uncontroverted facts do not demonstrate an absence of proof of actual malice as required by Gertz or legal malice as required by Kansas law.[6]

[5] Since defendant has not shown at this point in the case that a qualified privilege or constitutional privilege applies, the court does not address whether plaintiff can make a showing of malice necessary to overcome such a privilege.

[6] In Kansas, pursuant to K.S.A. 60-3702, to prevail upon a claim for punitive damages a plaintiff "shall have the burden of proving by clear and convincing evidence in the initial phase of the trial, that the defendant acted toward the plaintiff with willful conduct, wanton conduct, fraud, or malice."

In his memoranda in support of summary judgment, defendant contends that he relied upon the opinion of a handwriting expert, Wendy Carlson, for the statements at issue. This contention does not show that plaintiff lacks proof of malice or affirmatively remove a genuine issue as to whether defendant acted with malice. Carlson has stated in an affidavit that she gave only a preliminary opinion to defendant, that she did not give defendant permission to post that opinion, and that she would not have done so without further information and work. While this may not be strong proof of malice, the court recognizes that the question of malice in a defamation case is ordinarily a question of fact for the jury. Smith v. Farha, 974 P.2d 563, 568 (Kan. 1999)(quoting Ruebke, 738 P.2d at 1254); see also Burcham v. Unison Bancorp, Inc., 77 P.3d 130 152 (Kan. 2003)(the presence of malice is typically a jury question). Given the scant summary judgment record and that defendant has the burden of production, the court declines to grant summary judgment on this issue. See H. Wayne Palmer & Associates v. Heldor Industries, Inc., 839 F.Supp. 770, 780 (D.Kan. 1993)(denying summary judgment against a punitive damages claim where the movant did not show an absence of evidence to support plaintiff's case). The issue may be raised again at trial upon a Fed.R.Civ.P. 50 motion.

V. Defendant shall not be granted summary judgment upon his counterclaim.

According to the pretrial order (Doc. No. 68, p. 13) defendant has alleged a counterclaim against plaintiff for retaliating against defendant's exercise of his First Amendment rights in violation of 42 U.S.C. § 1983. While defendant's motion for summary judgment is concentrated against plaintiff's claims, it also seeks summary judgment in defendant's favor upon the counterclaim.

To succeed upon a motion for summary judgment on a claim where defendant has the burden of proof, defendant must establish that all the essential elements of the claim. Pelt v. Utah, 529 F.3d 1271, 1280 (10th Cir. 2008). Defendant must show that he engaged in activity protected by the First Amendment; that plaintiff caused defendant to suffer an injury that would chill an ordinary person from continuing to engage in such activity; and that the adverse action was substantially motivated by defendant's protected activity. Zia Shadows, LLC v. City of Las Cruces, 829 F.3d 1232, 1247-48 (10th Cir. 2016)(quoting Worrell v. Henry, 219 F.3d 1197, 1212 (10th Cir. 2000)). Defendant has not presented or alleged uncontroverted facts which establish these elements. Therefore, the court will not grant summary judgment in defendant's favor upon his counterclaim.

VI. Conclusion

For the above-stated reasons, defendant's motion for summary judgment (Doc. No. 70) shall be denied.

**IT IS SO ORDERED.**

Dated this 24th day of May, 2018, at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge